IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE:<br><br>NATHAN SHANE ADAMS and<br>KRISTA JONES ADAMS,<br><br>Debtors.<br><br>PAUL REINERT and<br>GREG HORTON,<br><br>Plaintiffs,<br><br>v.<br><br>NATHAN SHANE ADAMS,<br><br>Defendant. | Case No. 25-60056-11 |

**COMPLAINT OF PAUL REINERT AND GREG HORTON TO DETERMINE THE NON-DISCHARGABILITY OF DEBTS PURSUANT TO *11 U.S.C. § 523***

COME NOW Plaintiffs Paul Reinert and Greg Horton, by and through counsel, and for their Complaint to determine the non-dischargability of debts pursuant to 11 U.S.C. § 523, state as follows:

**General Allegations**

1. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1334 and 11 U.S.C. §§ 523 and 1228.

2. Venue of this proceeding lies in the United States Bankruptcy Court for the Western District of Missouri, Southern Division, pursuant to 28 U.S.C. § 1409(a) in that Defendant has initiated a voluntary Petition under Chapter 11 of

1

the Bankruptcy Code in this Court and such case continues to be pending as of the date of this Complaint.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(i).

4. Plaintiffs are residents of Missouri who are creditors of Defendant Nathan Adams and holders of unsecured claims in the amount of $4,200,000.00.

5. Defendant Nathan Adams is a resident of Missouri and a debtor in these proceedings.

6. At all times, relevant Defendant Nathan Adams ("Adams") was a member and President of Epic Strategies, LLC ("Epic").

7. In fall of 2023, Adams approached Plaintiffs regarding investing in Epic.

8. Adams made false representations and/or concealed material facts regarding the business of Epic, its ownership, and its business prospects, in order to induce Plaintiffs to invest in Epic.

9. Based on representations made by Adams regarding the business of Epic and its operations, Plaintiffs agreed to invest a combined $3,000,000.00 in Epic.

10. Plaintiffs thereafter became members of Epic.

11. Adams further represented to Plaintiffs that Epic required a line of credit in order to continue its operations through the end of 2023, while supposed business prospects were finalized.

12. Based on Adams' representations, Plaintiffs, in September of 2023, funded and personally guaranteed a $1,200,000.00 line of credit extended to Epic by OakStar Bank.

13. Due to Adams' mismanagement of Epic, the line of credit with OakStar Bank, funded and personally guaranteed by Plaintiffs, was quickly exhausted, conferring little to no benefit to the continued operation of Epic.

14. As a result of Adams' misrepresentations and/or concealments of material fact, Plaintiffs have sustained damages in the form of investment loss, personal liability for credit extended to Epic by OakStar Bank, and other pecuniary harm.

15. Presently pending in the Circuit Court of Greene County, Case No. 2431-CC01256, is a lawsuit initiated by Adams against Plaintiff and others relating to Epic Strategies; in response to said suit, Plaintiff asserted counterclaims against Adams arising from the conduct of Adams described previously herein.  A copy of the counterclaims is attached hereto as **Exhibit A** and incorporated herein by reference, in haec verba.

16. The investment and funding obtained by Adams from Plaintiffs were obtained by false pretenses, false representations, and/or actual fraud, as described in more detail in **Exhibit A**.  Thus, the debts are non-dischargable pursuant to 11 U.S.C. § 523(a)(2)(A).

17. The aforesaid debts were secured by the use of statements in writing that were materially false; Plaintiffs reasonably relied upon said

statements in investing in Epic and personally guaranteeing the line of credit extended to Epic by OakStar Bank; and Adams submitted the false writing to Plaintiffs with the intent to deceive. Thus, the debts are non-discharagable pursuant to 11 U.S.C. § 523(a)(2)(B).

18. Adams, as a member of Epic, owed a fiduciary duty to Epic and its Members.

19. The aforesaid conduct of Adams constitutes fraud or defalcation while he was acting in a fiduciary capacity, or embezzlement. Thus, the debts are non-dischargable pursuant to 11 U.S.C. § 523(a)(4).

20. The aforesaid conduct of Adams constitutes willful and malicious injury to Plaintiffs. Thus, the debts are non-dischargable pursuant to 11 U.S.C. § 523(a)(6).

WHEREFORE, Plaintiffs respectfully request that the Court determine the non-dischargability of debts owed to Plaintiffs by Defendant Nathan Adams, and for such further relief as the Court deems just and proper.

TURNER, REID, DUNCAN,
LOOMER & PATTON, P.C.

By  /s/Warren E. Harris
Warren E. Harris
Missouri Bar No. 40372
wharris@trdlp.com
1355 E. Bradford Pkwy., Suite A
Springfield, MO 65804
Tel: 417-883-2102
Fax: 417-883-5024

>                                    COUNSEL FOR PLAINTIFFS
>                                    REINERT AND HORTON

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on the 14th day of May, 2025 the foregoing *Complaint of Paul Reinert and Greg Horton to Determine the Non-Dischargabilty of Debts Pursuant to 11 U.S.C.§523* was electronically filed with the Clerk of the Circuit Court using the Case.net electronic filing system, which sent notification of such filing to counsel of record.

>                                    */s/Warren E. Harris*
>                                    Warren E. Harris